UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERNARD E. MOUNT,

                          Plaintiff,

                                                    Case # 15-CV-367-FPG

v.

                                                    DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

Bernard E. Mount ("Mount" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  ECF No. 1.  This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  ECF Nos. 7, 8.  For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards.  Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On October 6, 2011, Mount protectively filed an application for SSI with the Social Security Administration ("the SSA").  Tr.[1] 97-102.  He alleged that he had been disabled since October 1, 2011, due to poor eyesight, glaucoma, and cataracts in both eyes, retina detachment in the left eye, right arm nerve damage, left arm rotator cuff injury, left wrist injury, possible

---

[1]        References to "Tr." are to the administrative record in this matter.

chronic obstructive pulmonary disease ("COPD"), and emphysema.   Tr. 118.   After his application was denied at the initial administrative level, a hearing was held via videoconference before Administrative Law Judge Harvey Feldmeier ("the ALJ") on March 28, 2013 in which the ALJ considered Mount's application *de novo*.   Tr. 22-60.   Mount appeared at the hearing with his attorney and testified.   *Id.*   On April 12, 2013, the ALJ issued a decision finding that Mount was not disabled within the meaning of the Act.   Tr. 11-17.   That decision became the Commissioner's final decision when the Appeals Council denied Mount's request for review on February 27, 2015.   Tr. 1-5.   Thereafter, Mount commenced this action seeking review of the Commissioner's final decision.   ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."   *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g).   The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.   42 U.S.C. § 405(g).   "Substantial evidence means more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).   It is not this Court's function to "determine *de novo* whether [the claimant] is disabled."   *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).  The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Mount's claim for benefits under the process described above.  At step one, the ALJ found that Mount had not engaged in substantial gainful activity since the application date.  Tr. 13.  At step two, the ALJ found that Mount has the following severe impairments: reduced vision, history of left shoulder surgery, and disc herniation.  Tr. 13. At step three, the ALJ found that such impairments, alone or in combination, do not meet or medically equal an impairment in the Listings.  Tr. 13.

Next, the ALJ determined that Mount retained the RFC to perform light work[2] that includes occasional overhead reaching with his left shoulder and occasional postural motions. Tr. 13-16.  The ALJ also determined that Mount must avoid jobs that require fine visual acuity, including operating motor vehicles.  *Id.*  At step four, the ALJ found that Mount can perform his past relevant work as a cook because that job does not require work-related activities that are inconsistent with the RFC assessment.  Tr. 16.  Accordingly, the ALJ concluded that Mount was not "disabled" under the Act.  *Id.*

---

[2]        "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

**II.      Analysis**

Mount argues that remand is warranted because the ALJ improperly assessed his visual restrictions, which resulted in a RFC that is not supported by substantial evidence.[3]  ECF No. 7-1, at 13-14.  Specifically, Mount argues that the ALJ relied on raw medical data and his own lay opinion to determine that he "must avoid jobs that require fine visual acuity."  *Id.*  The Commissioner maintains that the ALJ did not err and that the RFC assessment is supported by substantial evidence.  ECF No. 8-1, at 9-10.

 "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."  *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted).   Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself."  *Id.* (citation omitted); *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.") (citations omitted).

Here, it is apparent that the ALJ relied solely on raw medical data when he assessed Mount's visual impairments.  The ALJ summarized treatment notes from Community Eye Care Specialists and cited Mount's visual acuity scores at various appointments.  Tr. 14-15 (citing Tr.

---

[3]      Mount advances other arguments that he believes warrant reversal of the Commissioner's decision.  ECF No. 7-1, at 9-13, 14-16.  However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

202-06, 216-24, 242-47, 297-306).  None of these records, however, contain any medical opinion as to how Mount's visual impairments affect his ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting.  Yet the ALJ, who is not a medical professional, somehow determined that Mount could perform light work as long as he "avoid[ed] jobs that require fine visual acuity, including operation of motor vehicles."  Tr. 13-16; *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.") (citations omitted).  This was improper.

The Commissioner asserts that the opinion of consultative examiner Samuel Balderman, M.D. ("Dr. Balderman"), which the ALJ afforded "substantial weight" (Tr. 15-16), sufficiently addressed the functional limitations that resulted from Mount's visual impairments.  ECF No. 8-1, at 9.  In his examination notes, Dr. Balderman noted that Mount's "[m]ain medical problem" was "poor eyesight," and that Mount had undergone bilateral cataract operations, surgery for detached retina on the left eye, and was being treated for glaucoma.  Tr. 207.  In his medical source statement, however, Dr. Balderman merely observed that Mount "has reduced vision mainly in the left eye."  Tr. 209.  Dr. Balderman does not explain in his examination notes or medical source statement how Mount's visual impairments affect (or will not affect) his ability to engage in work-related activities.  Tr. 207-10.  This is problematic because "[a]n ALJ commits legal error when he makes a [RFC] determination based on medical reports that do not *specifically explain* the scope of [the] claimant's work-related capabilities."  *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) (citations omitted) (emphasis added).  Dr. Balderman's remark that Mount "has reduced vision mainly in the left eye" (Tr. 209) and the raw medical evidence in the record from Community Eye Care Specialists (Tr. 202-06, 216-24, 225-26, 242-

47, 297-306) do not provide substantial evidence for the ALJ's determination that Mount could perform light work as long as he "avoid[ed] jobs that require fine visual acuity, including operation of motor vehicles" (Tr. 13-16).  Accordingly, remand is required.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.


IT IS SO ORDERED.

Dated: September 28, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court